**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| SHAUNA GALEA, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. 2:20-cv-11783<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

Now Comes Plaintiff, SHAUNA GALEA, individually and on behalf of all others similarly situated, by and through her undersigned attorney, James C. Vlahakis, and brings this Complaint against Defendant MIDLAND CREDIT MANAGEMENT, INC.:

**I.      Parties, Jurisdiction and Venue**

1.      Plaintiff SHAUNA GALEA ("Plaintiff") resides in this Judicial District and has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq.

2.      Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

3.      MCM is a debt collector as defined by Section 1692a(6) of the FDCPA because MCM routinely uses the United States Postal Service for the collection of consumer debts and MCM's principal purpose is the purchase of and collection of consumer debts.

4.      MCM collects defaulted owned by Midland Funding, LLC ("Midland").

5.      Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337.

1

6. This Court has federal question jurisdiction and venue pursuant to 15 U.S.C. § 6104(f) which provides that "[a]ny civil action brought under subsection (a) in a district court of the United States may be brought in the district in which the defendant is found, is an inhabitant, or transacts business or wherever venue is proper under section 1391 of title 28."

7. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM routinely mails collection letters and envelopes to addresses within this District and MCM routinely collects consumer debts in this District.

8. Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because MCM, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

9. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

**II. Background Allegations**

**A. The Subject Debt**

10. Plaintiff obtained credit (the "Subject Debt") for personal and household expenses from Capital One, N.A. ("Capital One").

11. The Subject Debt, with an Original Account Number ending in 3522, fell into a default status.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because MCM regarded her as a "person obligated or allegedly obligated to pay" the Subject Debt.

13. On information and belief, neither MCM or Midland can seek to arbitrate this putative class action because the operative cardholder agreement that governs the Subject Debt do not contain an arbitration clause or a class action waiver.

**B. MCM's Collection Efforts Relative to the Subject Debt**

14. In an attempt to collect the Subject Debt, within one year from the filing of this lawsuit, MCM collection letters to Plaintiff's address in Trenton, Michigan.

15. In particular, MCM mailed (or caused to be mailed) a collection letter to Plaintiff dated December 31, 2019 (hereafter the "December 31, 2019 Collection Letter").

16. When MCM mailed or caused the December 31, 2019 Collection Letter the to be mailed to Plaintiff, the December 31, 2019 Collection Letter was mailed inside of an envelope that was marked with the words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED".

17. In particular, the words "IMPORTANT DOCUMENT ENCLOSED" were imprinted on the envelope in the form of embossed and/or raised letters.

18. The words "IMPORTANT DOCUMENT ENCLOSED" were formatted to form a circle and inside of the circle formed by these words, the words "ATTENTION REQUESTED" were inserted at a slight angle (hereafter the "IMPORTANT DOCUMENT ENCLOSED Envelope" or "Envelope").

19. The circle formed by the words "IMPORTANT DOCUMENT ENCLOSED" was positioned directly to the right of Plaintiff's address.

20. An image of the Envelope that was used to mail the December 31, 2019 Collection Letter is depicted below:



21. A close up image of the IMPORTANT DOCUMENT ENCLOSED Envelope is depicted below:



22. When Plaintiff received the IMPORTANT DOCUMENT ENCLOSED Envelope, she immediately noticed the Envelope included the words "IMPORTANT

4

DOCUMENT ENCLOSED" were formatted to form a circle and inside of the circle formed by these words, the words "ATTENTION REQUESTED" fully capitalized font.

23. After reading the words "IMPORTANT DOCUMENT ENCLOSED" and "ATTENTION REQUESTED", Plaintiff became anxious and distressed Plaintiff immediately opened the Envelope and immediately opened the Envelope in order to learn the "IMPORTANT" nature of the enclosed document.

24. The IMPORTANT DOCUMENT ENCLOSED Envelope contained a series of letters and numbers to the left of Plaintiff's address. These letters and numbers depicted on the Envelope are P21T531001.

25. An image of the top half of December 31, 2019 Letter is depicted below:



26. The December 31, 2019 Collection Letter contained a series of letters and numbers to the right of Plaintiff's address. These letters and numbers depicted on the Letter are P21T531001.

27. The December 31, 2019 Collection Letter listed a "Current Balance" of $494.66.

28. In a box entitled "ACCOUNT INFORMATION", the December 31, 2019 Collection Letter states "Current Owner: Midland Funding LLC".

29. According to the December 31, 2019 Collection Letter, MCM attempted to collect the Subject Debt on behalf of Midland.

30. The December 31, 2019 Collection Letter informed Plaintiff that "You are pre-approved for a 40% discount!"

31. The December 31, 2019 Collection Letter informed Plaintiff to "Reply Now" and listed "MidlandCredit.com" and also informed Plaintiff to "call (800) 282-2644 by 01-20-2020.

32. The December 31, 2019 Collection Letter started out by saying "Choose the Option That Works for You" in large blue font.

33. In smaller, black font, the December 31, 2019 Collection Letter said: "Midland Credit Management gives you options to manage your account: make an online payment at MidlandCredit.com or call (800) 282-2644. Whatever one you choose, we are offering you these fantastic savings below".

34. Plaintiff was not legally obligated to respond to MCM's December 31, 2019 Collection Letter but was intimidated by the Letter because the Letter urged to take advantage of two discounted settlement options.

35. Each of the discounted settlement options contained payment deadlines.

36. The bottom half of the December 31, 2019 Letter is depicted below:



37. The December 31, 2019 Collection Letter informed Plaintiff of three payment options.

38. "OPTION 1" which listed a 40% OFF payment amount of $296.80 and listed a "Payment Due Date: 01-30-2020".

39. "OPTION 2" listed 20% OFF and "3 Monthly Payments of: $131.91".

40. "OPTION 2" stated "First Payment Due Date: 01-30-2020".

41. Below the payment options, the December 31, 20019, Collection Letter states, "Let's put this debt behind you. Visit MidlandCredit.com, or call (800) 282-2644, to pay off your account and regain your financial freedom!"

42. Below the body of the 09-18-2019 Letter is the electronic signature of Tim Bolin, Defendant's purported Division Manager.

43. Below Mr. Bolin's signature the December 31, 2019 Collection Letters states:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.

(hereafter the Time-Barred Debt Disclosure").

44. At least two inches below the Time-Barred Debt Disclosure is the phrase "We are not obligated to renew any offers provided" (the "Offer Renewal Disclosure").

45. The inclusion of the Time-Barred Debt Disclosure means that the Subject Debt is so old that MCM cannot sue Plaintiff to collect the Subject Debt.

46. Because the Subject Debt was time-barred at the time the December 31, 2019 Collection Letter was sent, it was improper for MCM to write the words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED" to draw Plaintiff's attention to the alleged enclosure of a so-called "IMPORTANT DOCUMENT".

47. Because the Subject Debt was time-barred at the time the December 31, 2019 Collection Letter was sent, it was improper for MCM to write the words "ATTENTION REQUESTED" to draw Plaintiff's attention to the alleged enclosure of a so-called "IMPORTANT DOCUMENT".

48. Because of Plaintiff's financial circumstances, she was unable to secure sufficient funds to take advantage of either payment option.

49. Confused and unsure of why MCM marked the Envelope in question with the words "IMPORTANT DOCUMENT ENCLOSED" and "ATTENTION REQUESTED", Plaintiff spent time researching her legal rights.

50. Additionally, Confused and unsure of why MCM marked the Envelope in question with the words "IMPORTANT DOCUMENT ENCLOSED" and "ATTENTION

REQUESTED", Plaintiff reached out and obtained legal advice from the undersigned's law firm.

51. As a result of Plaintiff being unable to comply with either of the discounted payment options, Plaintiff became more anxious and distressed than when she first read the words "IMPORTANT DOCUMENT ENCLOSED" and "ATTENTION REQUESTED" on the face of the Envelope.

52. The back page of the December 31, 2019 Letter is depicted below:



53. The back page of the December 31, 2019 Letter states that Capital One charge-off the Subject Debt on May 22, 2014.

54. When MCM used the word "IMPORTANT DOCUMENT ENCLOSED" and "ATTENTION REQUESTED" on the face of the Envelope used to mail the December 31, 2019 Letter, the last payment on the Subject Debt was over five (5) years ago.

55. Accordingly, because of the old age of the Subject Debt, no "IMPORTANT DOCUMENT" was "ENCLOSED" and there was nothing that required MCM to write "ATTENTION REQUESTED".

56. MCM's Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

57. MCM's use of the words "IMPORTANT DOCUMENT ENCLOSED" and "ATTENTION REQUESTED" on the face of the Envelope violated Section 1692f(8) of the specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

58. On information and belief, MCM has researched and analyzed data to learn that consumers are more likely to open collection letters sent in envelopes marked with the words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED" than plain envelopes.

59. MCM has determined that it collects more money from consumers when it sends collection letters inside of Envelopes that contain the words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED" than plain envelopes.

60. MCM use of the words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED" on the Envelope violated Section 1692f(8) of the FDCPA.

61. As discussed below, in the case of *Preston v. Midland Credit Mgmt.*, 948 F.3d 772 (7th Cir. 2020), the Seventh Circuit held that MCM violated the clear language

of §1692f(8) when it sent a collection letter to an Illinois consumer inside of an enveloped that was marked with the words "**TIME SENSITIVE DOCUMENT**".

62. The FDCPA was enacted as a result of "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors". See 15 U.S.C. § 1692(a).

63. In enacting the FDCPA, Congress stated that stated that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." See 15 U.S.C. § 1692(a).

64. In enacting the FDCPA, Congress stated that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." See 15 U.S.C. § 1692(b).

65. In enacting the FDCPA, Congress stated that "[m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." See 15 U.S.C. § 1692(c).

66. In enacting the FDCPA, Congress stated that "[i]t is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, . . . and to promote consistent State action to protect consumers against debt collection abuses. See 15 U.S.C. § 1692(e).

67. The Envelope's use of the words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED" violates Section 1692f(8) of the FDCPA because these words intended to create, and did create, a false sense of urgency with regard to Plaintiff's perception of MCM's collection efforts relative to the Subject Debt.

68. The Envelope's use of the words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED" violates Section 1692f(8) of the FDCPA and implicates a core "privacy" right recognized by Section 1692(a) of the Act.

69. MCM's violation of Section 1692f(8) of the FDCPA through its transmission of debt collection letters to consumers inside of envelopes that contain the words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED" unfairly puts MCM ahead of its competitors in the debt collection industry. See 15 U.S.C. § 1692(e)("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged[.]").

70. Below is an image of the envelope as issue in *Preston*:



71. In reversing the district court's order granting MCM's 12(b)(6) motion to dismiss, the Seventh Circuit in *Preston v. Midland* held as follows:

> We conclude that the language of § 1692f(8) is clear, and its application does not lead to absurd results. To the contrary, the prohibition of any writing on an envelope containing a debt collection letter represents a rational policy choice by Congress. Consequently, we conclude that the district court erred in dismissing Mr. Preston's claim under § 1692f(8). * * * On its face, the prohibition is clear: use of *any* language or symbol on an envelope, except for the debt collector's name (if it does not indicate that the collector is in the business of debt collection) and the debt collector's address, violates subsection (8). * * * The statutory

12

>language does, in fact, prohibit debt collectors from sending communications to consumers in envelopes bearing symbols that are indicative of debt collection. The language of the statute simply draws a clear line to ensure that consumers' rights are not lost in the interpretation of more subtle language. * * * Turning to the facts here, there is no question that the language "TIME SENSITIVE DOCUMENT" appears on the envelope enclosing a communication to a consumer. It is equally apparent that the language at issue does not fall within the itemized exception set forth in subsection (8): It is not Midland's name nor its address. The inclusion of this phrase thus violates § 1692f(8), and the district court erred in dismissing the claim set forth in Count I of Mr. Preston's complaint.

*Preston*, 948 F.3d 776-77, 781, 783-84 (emphasis in original).

72. Plaintiff suffered real and concrete harm because MCM communicated with him in a manner prohibited by the FDCPA.

73. Plaintiff suffered a real and concrete injury because she contemplated settling an otherwise time-barred debt because of the manner in which the collection Envelope was marked.

74. MCM's violation of Section 1692f(8) is not a mere procedural violation. For example, the Seventh Circuit in *Preston* held that MCM's use marking of collection envelopes with the words "TIME SENSITIVE DOCUMENT" is precisely the type of conduct that Section 1692f(8) the FDCPA was enacted to prohibit:

>In providing certainty, this provision furthers the FDCPA's overall purpose of "eliminat[ing] abusive debt collection practices by debt collectors" and "insur[ing] that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged."

*Preston*, 948 F.3d at 784.

### III. Causes of Action

**Count I – Individual Claim**
**The Subject Envelope Violates Section 1692f(8) of the FDCPA**

75. Plaintiff realleges the above paragraphs as though fully set forth herein.

76. MCM violated Section 1692f(8) of the FDCPA which specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

77. Section 1692f(8) contains no exceptions – any extraneous text on the envelope other than what is allowed by Section 1692f(8) is a violation of 1692f(8).

78. Here, as alleged above, Plaintiff immediately opened the Subject Envelope *because it was embossed with the words* "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED".

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that Defendant's use of the "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED" Envelope violates the FDCPA;

b. enjoin Defendant from using the Time Sensitive Document Envelope in conjunction with any future collection letters;

c. award Plaintiff statutory damages of up to $1,000; and

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – Class Action Claim – The Subject Envelope Violates §1692f(8)**

79. Plaintiff realleges the above paragraphs as though fully set forth herein.

80. As set forth above, MCM violated Section 1692f(8) of the FDCPA.

81. MCM routinely attempts to collect consumer debts in this District by mailing collection letters inside of envelopes *embossed with the words* "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED".

82. As alleged above, MCM specifically *embossed* envelopes like the one identified above *with the words* "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION

REQUESTED" in an attempt to cause recipients to open the Envelopes, read the enclosed letter and pay or call MCM to discuss the underlying debt.

83. MCM's use of the words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED" violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

84. Using the words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED" violates Section 1692f(8) of the FDCPA because these words intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

85. Within one year of the filing of this lawsuit, at least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed inside envelope embossed with the words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED".

86. MCM's conduct and violations of Section 1692f(8) of the FDCPA satisfies the elements of typicality, commonality, predominance and superiority.

87. On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

88. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within the State of Michigan who were mailed letters or documents by MCM debt in relation to a debt originally owed to Capital One, N.A. where the envelopes used the send the letters or documents were mailed a letter or document inside of an envelope marked the words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED".

89. The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40

class members who received the subject Envelope or letter from the above identified creditor.

90. The proposed class can be defined by MCM's records.

91. Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. appoint Plaintiff as a class representative;

b. declare that Defendant's use of the "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED" Envelope violates the FDCPA;

c. enjoin Defendant from using the "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED" Envelope in conjunction with any future collection letters;

d. award class members maximum statutory damages;

e. award class members actual damages if they paid their subject debts after receiving a collection letter inside of an envelope marked with the words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED";

f. appoint James C. Vlahakis as class counsel;

g. award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k.

***Plaintiff demands a jury trial***

Respectfully submitted, on behalf of

Plaintiff SHAUNA GALEA individually
and on behalf of all others similarly situated,      Date 6/30/2020

/s/ James C. Vlahakis
James C. Vlahakis
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630)581-5456
jvlahakis@sulaimanlaw.com